## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **MAGISTRATE NO. 14-62-M** |
| **CHRISTOPHER STEIBING** | : | |

### GOVERNMENT'S MOTION FOR   PRETRIAL DETENTION

The defendant is an online predator who used the Internet to repeatedly victimize a girl whose mother he had dated when the girl was 11 years old.   He is a danger not only to the victim in this case, but children anywhere – including his own minor daughter, who is depicted in child pornography he possessed.   By statute, the defendant must be incapacitated prior to trial, either by detention, or – if he could rebut the presumption in favor of detention – by home confinement.   But the defendant did not need to leave his home in order to create numerous false identities which he used to stalk, coerce, and harass the victim, causing her to create and send him numerous images of child pornography.   Moreover, nothing can assure that he would not flee upon his release from custody, given the strength of the evidence and the substantial sentence that likely awaits him.   Because no condition or combination of conditions would reasonably assure the defendant's appearance as required and the safety of the community, the government moves pursuant to 18 U.S.C. §§ 3142(e) and (f) for a detention hearing and pretrial detention of the defendant.

## I.     THE LAW

Under 18 U.S.C. § 3142(f)(1)(E), the Court shall hold a detention hearing when a defendant is charged with a felony involving a minor victim, as this defendant is.   Under 18 U.S.C. § 3142(e)(3)(E), the court must presume (subject to rebuttal by the defendant) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community, whenever a defendant is charged with victimizing a minor in violation of 18 U.S.C. § 2422.   Under Section 3142(c)(1), the defendant is not eligible for any pretrial release order that does not include electronic monitoring.

## II.    THE FACTS

In support of this motion, the government makes the following representations and proposed findings of fact:

### A.     The Evidence Against the Defendant is Strong

There is probable cause to believe that the defendant violated 18 U.S.C. § 2422(b), as charged in the criminal complaint filed on January 16, 2014.[1]   The evidence in this case is strong and establishes that for at least three years, the defendant used a series of false online identities as part of a prolonged effort to befriend a 14 year-old girl he had known when she was 11, persuade her to create and send him pornographic images of herself, including sadistic imagery, and potentially engage in sexual intercourse with her.    Pursuant to court-issued search warrants, the FBI found many of these pornographic and sadistic images, along with corresponding messaging logs, on the defendant's media devices.   The victim has verified her interactions with the defendant, who alternately pretended to be such characters as her 15 year old friend "Amanda" and her 14-year old boyfriend "Cory."   As "Cory," the defendant sent the victim

---

1 The defense has indicated that the defendant does not dispute that that probable cause exists here.

images of his exposed penis and requested and received similar photos from her.   As characters such as "Amanda," the defendant promoted the idea of having sexual intercourse with an adult man – specifically the defendant himself.   The victim and her mother have both verified that the person who has now been identified as the defendant harassed the victim, threatening her if she did not create and send him more images.   At one point, when the victim did not comply, the defendant sent nude images of her to members of her family, including a nude photograph of her with the word "whore" written on her exposed chest.   The defendant also uploaded nude images of the minor victim to a publicly available website frequented by other child pornographers.

As regards the victim, one of the more startling facts detailed in the complaint affidavit is that the defendant did not relent even when the risk of detection was high.   Most notably, on August 1, 2012, three months after law enforcement seized – in his presence – the defendant's computer to search it for evidence of his crimes against the victim, the defendant used a Facebook account under a variation of the victim's own name in order to further his attempts to have online contact with her.   The evidence in this case is strong and demonstrates the defendant's dangerous fixation on the victim.

**B.     The Defendant Faces Substantial Penalties Upon Conviction**

Based on an offense level of 42 and a criminal history category of at least II, the defendant has an expected advisory sentencing guideline range of <u>360 months to life imprisonment</u>.

The criminal complaint charges the defendant with a single count of violating 18 U.S.C. § 2422(b) (coercion and enticement of a minor), which itself carries a 10-year mandatory minimum term of imprisonment and a maximum of lifetime imprisonment.   The evidence summarized in the supporting affidavit, moreover, establishes that the defendant violated

numerous other provisions of federal law, including 18 U.S.C. §§ 2251 (production of child pornography), which carries an additional 15-year mandatory minimum term of imprisonment.

**C.    The Defendant Has a History of Crime, Failing to Appear, and Drug Abuse**

At 33 years old, the defendant has nine prior arrests, with at least three convictions, for offenses including burglary and drug possession.   He has at least one failure to appear in New Jersey, where there is an outstanding detainer for a minor drug offense.   In this case, when Detective Steven Reeves, who had previously seized the defendant's computer via search warrant, attempted to arrest him, the defendant ran away and locked himself in the house where he was residing, requiring the police to force entry in order to execute their local arrest warrant.   When questioned about his crimes against the victim in this case, the defendant blamed his long history of "crack" cocaine abuse for making him "do bad things" (after first attempting to falsely implicate his own brother).

**D.    The Defendant's Family/Community Ties Will Not Assure His Appearance**

To put it mildly, family ties cannot assure the defendant's appearance in court. While he has no known family in this District, he has relatives in numerous states including Florida, Ohio, and New Jersey.   He is the biological father of two children, but does not care for either.   Of all the items of evidence recovered in this case, one of the most disturbing is surely the pornographic imagery of the defendant's own minor daughter.

With no lawful employment or significant assets, the defendant has little incentive to return to this District to face the significant penalties awaiting him after a trial in this matter.   If he absconded from supervision, he would be difficult to locate.   While he does not own any property that the government could seize, he has convinced various different sexual partners to take him in and provide him with lodging in the past.

- 4 -

III.     **CONCLUSION**

Under the law, it is presumed that no condition or combination of conditions would reasonably assure the safety of the community and the defendant's return to this District.   Under the facts of this case, it is clear that the defendant cannot rebut this presumption.   If he were to be released from custody and placed on electronic monitoring, there would be literally no way to monitor his surreptitious use of the Internet to continue his crimes.   This defendant has used a variety of media devices – including an iPod Touch, which users traditionally use for music – to receive or distribute child pornography, and there is no way to know if he still has access to pornographic images of the victim, his daughter, or other minors.   There is no indication that he can be trusted to restrain his predatory impulses, which pose an unacceptably high risk to unsuspecting minors that he chooses to target.   To the contrary, this defendant continued to offend at times when other offenders might have had the sense to stop.

Moreover, there is nothing to stop the defendant – who locked himself inside a house when he saw the police approaching – from absconding from supervision if placed on electronic monitoring.   He would leave behind little except the unpleasant prospect of spending much or all of the rest of his life in federal prison.   WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


 _/s/ Joseph J. Khan_____
JOSEPH J. KHAN
Assistant United States Attorney

- 5 -

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA          :

          v.                                          :                    **MAGISTRATE NO. 14-62-M**

CHRISTOPHER STEIBING           :

<u>**PRETRIAL DETENTION ORDER**</u>

AND NOW, this _____ day of _____, 2014, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

        (a)    the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

        (b)    the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

        1.    There is probable cause to believe that the defendant has coerced and enticed a minor in violation of 18 U.S.C. § 2422.   Accordingly, the Court must presume, subject to rebuttal by the defendant, that no condition of release, or combination of conditions, will

reasonable assure the safety of any person and the community or reasonable assure the appearance of the defendant as required.   The defendant has failed to rebut this presumption.

2.      The evidence in this case is strong and shows that for at least three years, the defendant used a series of false online identities as part of a prolonged effort to befriend his ex-girlfriend's 14 year-old daughter (whom he had known when the girl was 11), coerce and entice her to create and send him pornographic images of herself, including sadistic images, and potentially engage in sexual intercourse with her.   The defendant also used the Internet to distribute some of these pornographic images of the victim.   The defendant also used the Internet to send the victim pictures of an exposed penis that was purportedly that of a teenage boy.

3.      The defendant faces a potential life term of imprisonment, a mandatory minimum term of at least 10 years, and an estimated sentencing guidelines range of 360 months to life.   In light of the weighty evidence against him, the defendant has a strong incentive to flee.

4.      The defendant has nine prior arrests, with at least three convictions and at least one failure to appear.   When local police attempted the arrest the defendant for related state charges, the defendant locked himself into a house, requiring the police to force entry into the house.   The defendant is a long-time abuser of crack cocaine.

5.      The defendant has no employment, assets or other community or family ties which would assure the safety of the community and/or his appearance at trial.

6.      The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____

HONORABLE M. FAITH ANGELL
*United States Magistrate Judge*

<u>CERTIFICATE OF SERVICE</u>

I certify that on this date I have caused a copy of the Government's Motion for

Pretrial Detention, including Proposed Order, to be served today by e-mail on the following

defense counsel:


MARK WILSON, ESQUIRE
DEFENDER ASSOCIATION OF PHILADELPHIA
SUITE 540 W,
THE CURTIS CENTER
601 WALNUT STREET
PHILADELPHIA, PA 19106



/s/ Joseph J. Khan
JOSEPH J. KHAN
Assistant United States Attorney


Date:        1/24/14